Exhibit 1

FILED
IN COUNTY CLERK'S OFFICE

A.M.  MAY – 2 2008  P.M.

PIERCE COUNTY, WASHINGTON
KEVIN STOCK, County Clerk
BY_____ DEPUTY

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF PIERCE

RONALD G. BROWN, as Chapter 7 Trustee of the Bankruptcy Estate of In Re: Tiffani L. Lindstedt,

                Plaintiff,

vs.

AFFILIATED COMPUTER SERVICES, INC., a Delaware corporation, ACS HEALTH CARE, INC., an Oregon corporation, and MURIEL T. CARR, and JOHN DOE CARR individually, and the marital community composed thereof,

                Defendants.

NO. 08 2 07804 9

COMPLAINT FOR DAMAGES

COMES NOW the Plaintiff, RONALD G. BROWN ("Brown"), and for cause of action against the Defendants, states and alleges as follows:

**INTRODUCTION**

1. AFFILIATED COMPUTER SERVICES, INC. ("ACSI"), describes itself as a rapidly growing company supporting operations reaching more than 100 countries with nearly $6 billion in annual revenues. With unparalleled levels of growth and client retention, ACS is 62,000 people strong and growing. Item III of The ACS Mission states, "[w]e will marshal talented,

COMPLAINT FOR DAMAGES -Page 1 of 9

LAW OFFICES OF GREGORY J. MURPHY, P.S.
201 ST. HELENS AVENUE
TACOMA, WASHINGTON 98402-2519
PHONE 253-572-3688
FAX 253-572-9588
www.murphy-legal.com

COPY

1   committed people and create an environment in which they can grow professionally through

2   their achievements.

3   2.    ACSI is the foremost provider of consulting, application delivery, and information

4   technology (IT) and business process outsourcing solutions to the healthcare industry.  ACSI's

5   website boasts that it help its clients implement the technologies and best practices that will lead

6   [clients] to clinical transformation and financial improvement.

7   3.    ACSI's website also includes its Code of Ethical Business Conduct ("Code") that applies

8   to every ACSI officer, director, and employee.   Chapter 3 of the Code says that ACSI is

9   committed to providing a workplace that is respectful to all employees and free from all forms of

10  harassment.

11

12                          **IDENTIFICATION OF THE PARTIES**

13  4.  .   Plaintiff Brown is the Chapter 7 Trustee of the Bankruptcy Estate of In Re: Tiffani L.

14  Lindstedt pending in U.S. Bankruptcy Court, Western District of Washington at Seattle Cause No. 05-

15  19170.  Tiffani L. Lindstedt ("Lindstedt"), is a former employee of the ACSI Defendants. Plaintiff

16

17  Brown is administering the bankruptcy estate of Tiffani L. Lindstedt.

18  5.    At all times material hereto, Defendant, ACSI was a Delaware corporation, having a

19  principle place of business at 2828 North Haskell, Dallas, Texas 75204, and conducting business

20  throughout the United States, the state of Washington, and in Pierce County, Washington.

21

22  6.    At all times material hereto, Defendant, ACS Health Care, Inc. ("ACS Health Care"),

23  was an Oregon corporation, having a principle place of business at 20819 72nd Avenue South, Suite

24  300, Kent, WA 98032, conducting business throughout the United States, the state of Washington, and,

25  in Pierce County, Washington.   ACS Healthcare Solutions is a wholly-owned subsidiary of ACSI.

26

COMPLAINT FOR DAMAGES -Page 2 of 9

LAW OFFICES OF GREGORY J. MURPHY, P.S.
201 ST. HELENS AVENUE
TACOMA, WASHINGTON 98402-2519
PHONE 253-572-3688
FAX 253-572-9588
www.murphy-legal.com

7.    At all times material hereto, Defendant MURIEL T. CARR and "JOHN DOE" CARR, were residents of Pierce County, Washington, and were husband and wife forming a marital community under the laws of the State of Washington. All acts, omissions and conduct of Defendant Muriel T. Carr benefited her individually, and, were done by and on behalf of the marital community composed of MURIEL T. CARR and JOHN DOE CARR.

## JURISDICTION

8.    All of the defendants reside in, or, are doing business in Pierce County, Washington, and the Superior Court of Pierce County has jurisdiction in accordance with RCW 4.12.020(3).

## FACTS

9.    At all times relevant to the actions alleged in this complaint, Ms. Lindstedt was an employee of ACS HEALTH CARE, or of the company acquired by ACS HEALTH CARE, Patient Accounting Services Center, LLC ("PASC").

10.    Ms. Lindstedt was hired as a Collector by PASC on October 28, 2003 for its Kent Service Center.

11.    ACS HEALTH CARE acquired PASC in January 2004 and ACS HEALTH CARE continued the operation of the Kent Service Center where Ms. Lindstedt was employed.

12.    Defendant Carr was hired as a Collector by ACS HEALTH CARE prior to Ms. Lindstedt's hire.

13.    Ms. Lindstedt was subjected to continuous and frequent harassment by Ms. Carr, including conduct such as verbal threats, physical intimidation, and name calling. This pattern of abuse created a hostile and offensive work environment.

14.    All incidents constituting harassment and hostile work environment occurred during Ms.

COMPLAINT FOR DAMAGES -Page 3 of 9

LAW OFFICES OF GREGORY J. MURPHY, P.S.
201 ST. HELENS AVENUE
TACOMA, WASHINGTON 98402-2519
PHONE 253-572-3688
FAX 253-572-9588
www.murphy-legal.com

Lindstedt's employment with PASC and continued after the sale to ACS HEALTH CARE.

15.    Ms. Lindstedt consistently and repeatedly reported the threatening behavior to her immediate supervisor, Mr. Norman Keene, Collections Supervisor; Mr. Keen's supervisor, Mr. Merle Williams, Collection Supervisor; and/or to Mr. Michael Allen, an HR Generalist in ACS HEALTH CARE's Human Resources Department.

16.    Despite Ms. Lindstedt's repeated complaints of harassment, her supervisors failed to take appropriate action to stop the harassment from continuing to occur.

17.    On several occasions Mr. Keen told Ms. Lindstedt that "his hands were tied" concerning Ms. Carr, as she had previously filed a sexual harassment complaint against him, and he feared that any action by him could be interpreted as retaliation.

18.    Ms. Carr made untrue and misleading sworn statements about Ms. Lindstedt in a Petition for and Order for Protection that was filed on May 5, 2005; the King County Superior Court relied upon these alleged facts and issued a Temporary Restraining Order (TRO), including, among other things, the requirement that Ms. Lindstedt stay at least fifteen feet away from Ms. Carr while at their place of employment.

19.    On May 16, 2005, the Kent police delivered the TRO to Mr. Williams at ACS HEALTH CARE, where Mr. Williams accepted service and then delivered the TRO to Ms. Lindstedt.

20.    Despite being aware that Ms. Carr had applied for and received a TRO against Ms. Lindstedt, her supervisors failed to take any action whatsoever to protect Ms. Lindstedt.

21.    The next day, Ms. Lindstedt entered a restroom at work in which Ms. Carr was present, not known to Ms. Lindstedt, thereby unintentionally violating the TRO.

22.    Ms. Carr immediately said to a coworker in the restroom that she was going to cause

COMPLAINT FOR DAMAGES -Page 4 of 9

LAW OFFICES OF GREGORY J. MURPHY, P.S.
201 ST. HELENS AVENUE
TACOMA, WASHINGTON 98402-2519
PHONE 253-572-3688
FAX 253-572-3588
www.murphy-legal.com

1    Ms. Lindstedt to be arrested, and she proceeded to call 911 to report that she had obtained a protective

2    order and that Ms. Lindstedt had come within fifteen feet of her in the restroom.

3        23.    Later that day, Ms. Carr caused Ms. Lindstedt to be arrested by the Kent Police for

4    violation of the TRO.

5        24.    Ms. Carr watched, cheered, and jeered as Ms. Lindstedt was arrested; this behavior

6    continued until Ms. Lindstedt requested that the police remove Ms. Carr from the area.

7        25.    Ms. Lindstedt spent the night in jail and had to arrange for her daughters' care while she

8    was forcibly detained.

9

10       26.    On June 6, 2005 the court found that Ms. Carr had not shown by a preponderance of the

11   evidence that Ms. Lindstedt had harassed her, and denied Ms. Carr's request that the TRO be made a

12   full Order, and King County Superior Court Judge Middaugh dismissed Ms. Carr's petition.

13       27.    On or about June 24, 2005, the criminal charge alleging Ms. Lindstedt had violated the

14

15   TRO was dismissed with prejudice.

16       28.    Ms. Carr was subsequently terminated from ACS HEALTH CARE for reasons

17   unknown to the plaintiff.

18       29.    Ms. Lindstedt returned to work at ACS HEALTH CARE on June 7, 2005, but took

19   leave under the Family and Medical Leave Act on June 8, 2005.

20       30.    On July 14, 2005, Ms. Lindstedt resigned from her position at ACS HEALTH CARE

21

22   SOLUTIONS, on the recommendation of her therapist.

23       31.    Ms. Lindstedt's damages are continuing.

24

25                              **FIRST CAUSE OF ACTION**

26

COMPLAINT FOR DAMAGES -Page 5 of 9

LAW OFFICES OF GREGORY J. MURPHY, P.S.
201 ST. HELENS AVENUE
TACOMA, WASHINGTON 98402-2519
PHONE 253-572-3688
FAX 253-572-9588
www.murphy-legal.com

## NEGLIGENT HIRING, TRAINING, SUPERVISION, AND/OR RETENTION

32.    Plaintiff realleges and incorporates paragraphs 1 – 31 as if fully set forth herein.

33.    Defendant ACS HEALTH CARE had a duty to use reasonable care in hiring, training, supervising, and retaining its employees and agents.  Defendant ACS HEALTH CARE was negligent and breached these duties owed to the Plaintiff, and as a proximate result, Plaintiff sustained the injuries complained of herein.

### SECOND CAUSE OF ACTION

### RETALIATION FOR ASSERTING RIGHT TO A HARASSMENT-FREE

### WORKPLACE

34.    Plaintiff realleges and incorporates paragraphs 1 – 33 as if fully set forth herein.

35.    ACS Healthcare, and its predecessor, PASC, has insisted both verbally and in writing, that it's employees report any instances of harassment regardless of the type of harassment.  When Ms. Lindstedt participated with other employees in complaining the hostile environment that was being created by Ms. Muriel Carr, instead of being thanked for bringing the matter to the attention of management, was instead rebuked for what ACS Healthcare considered an improper use of the company's procedures for reporting harassment.

In fact, Ms. Lindstedt and her co-employees were told that they were wasting the company's time and resources and they were interfering with the productivity of the Kent Service Center.

36.    ACS Healthcare retaliated against Ms. Lindstedt for engaging in this protected activity by permitting Ms. Carr to continue to harass Ms. Lindstedt and intentionally altering her work environment in order to focus on productivity, instead of focusing on ACS's employees.

37.    As a direct and proximate result of ACS Healthcare's unlawful retaliation, Ms.

COMPLAINT FOR DAMAGES -Page 6 of 9

LAW OFFICES OF GREGORY J. MURPHY, P.S.
201 ST. HELENS AVENUE
TACOMA, WASHINGTON 98402-2519
PHONE 253-572-3688
FAX 253-572-9588
www.murphy-legal.com

Lindstedt has suffered and continues to suffer lost wages and benefits, lost future earnings, emotional

distress, humiliation, loss of enjoyment of life, and other damages in amounts to be proved at trial.

### THIRD CAUSE OF ACTION

### ABUSE OF CIVIL PROCESS

38.    Plaintiff realleges and incorporates paragraphs 1 – 37 as if fully set forth herein.

39.    Defendant MURIEL CARR's pursuit of a frivolous anti-harassment order against Ms.

Lindstedt was motivated by her own ulterior objectives of retaliation and animus towards Ms.

Lindstedt. These ulterior objectives were known by management of ACS Healthcare.

40.    As a direct and proximate result of ACS Healthcare's unlawful retaliation, Ms.

Lindstedt has suffered and continues to suffer lost wages and benefits, lost future earnings, emotional

distress, humiliation, loss of enjoyment of life, and other damages in amounts to be proved at trial.

### FOURTH CAUSE OF ACTION

### MALICIOUS CRIMINAL PROSECUTION

41.    Plaintiff realleges and incorporates paragraphs 1 – 40 as if fully set forth herein.

42.    Defendant MURIEL CARR's conduct constitutes malicious criminal prosecution

### FIFTH CAUSE OF ACTION

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

43.    Plaintiff realleges and incorporates paragraphs 1 – 42 as if fully set forth herein.

44.    The conduct of Defendants MURIEL CARR, ACSI, and ACS HEALTHCARE was

negligent insofar as each of them failed to take reasonable care to avoid causing plaintiff emotional

distress and caused plaintiff emotional distress. Plaintiff's emotional distress was manifested by

objective and/or physical symptomology.

COMPLAINT FOR DAMAGES -Page 7 of 9

LAW OFFICES OF GREGORY J. MURPHY, P.S.
201 ST. HELENS AVENUE
TACOMA, WASHINGTON 98402-2519
PHONE 253-572-3688
FAX 253-572-9588
www.murphy-legal.com

## SIXTH CAUSE OF ACTION

## CONSTRUCTIVE DISCHARGE

45.   Plaintiff realleges and incorporates paragraphs 1 – 44 as if fully set forth herein.

46.   Defendant ACS HEALTHCARE engaged in unlawful practices when it permitted the environment at its Kent Service Center to become overtly hostile without taking any action whatsoever.

## STATEMENT OF DAMAGES

As a direct and proximate result of the Defendants' conduct, as alleged herein, Plaintiff TIFFANI L. LINDSTEDT, has sustained the following injuries, all in amounts to be proven at trial:

47.   Personal Injuries;

48.   Physical and mental pain, suffering and mental anguish;

49.   Lost wages, income and impaired earning capacity;

50.   Medical costs and expenses and other out of pocket expenses;

51.   Loss of enjoyment of life.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff BROWN, in his capacity as Trustee for the Bankruptcy Estate of Tiffani L. Lindstedt, requests a judgment against Defendants, ACSI, ACS HEALTHCARE and MURIEL T. CARR, jointly and severally, as follows:

A.   For all damages available under Washington common law and statute, including special damages for her medical bills, out of pocket expenses, lost wages, income and employment benefits suffered by the Plaintiff and to be suffered in the future;

B.   Awarding Plaintiff general damages for pain, suffering, and mental anguish in an amount to be established at trial.

COMPLAINT FOR DAMAGES -Page 8 of 9

LAW OFFICES OF GREGORY J. MURPHY, P.S.
201 ST. HELENS AVENUE
TACOMA, WASHINGTON 98402-2519
PHONE 253-572-3688
FAX 253-572-9588
www.murphy-legal.com

C.    Awarding Plaintiff her statutory fees and costs incurred in this action.

D.    Awarding Plaintiff any additional and further relief as the Court may deem just, equitable and appropriate.

DATED this _____ day of May, 2008.

LAW OFFICES OF GREGORY J. MURPHY, P.S.

By: _____
Gregory J. Murphy, WSBA #16184
201 St. Helens Avenue
Tacoma, WA 98402
Telephone: 253-572-3688
Facsimile: 253-572-9588
Attorney for Plaintiff

COMPLAINT FOR DAMAGES - Page 9 of 9

LAW OFFICES OF GREGORY J. MURPHY, P.S.
201 ST. HELENS AVENUE
TACOMA, WASHINGTON 98402-2519
PHONE 253-572-3688
FAX 253-572-9588
www.murphy-legal.com

Exhibit 2



CORPORATION SERVICE COMPANY®

## Notice of Service of Process

AP1 / ALL
Transmittal Number: 5765666
Date Processed: 05/07/2008

| | |
|---|---|
| Primary Contact: | Mr. Tas Panos<br>Affiliated Computer Services, Inc.<br>2828 North Haskell Ave.<br>Building 1, Floor 10<br>Dallas, TX 75204 |

| | |
|---|---|
| Entity: | Affiliated Computer Services, Inc.<br>Entity ID Number  2291324 |
| Entity Served: | Affiliated Computer Services, Inc. |
| Title of Action: | Ronald G. Brown, as Chapter 7 Trustee of the Bankruptcy Estate of In Re: Tiffani L. Lindstedt vs. Affiliated Computer Services, Inc. |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Labor / Employment |
| Court: | Pierce Superior Court, Washington |
| Case Number: | 08 2 07804 9 |
| Jurisdiction Served: | Washington |
| Date Served on CSC: | 05/07/2008 |
| Answer or Appearance Due: | 20 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Plaintiff's Attorney: | Gregory J. Murphy<br>253-572-3688 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com

Exhibit 3

1
2
3
4
5
6

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF PIERCE

7

8
9
10
11

| RONALD G. BROWN, as Chapter 7 Trustee of the Bankruptcy Estate of In Re: Tiffani L. Lindstedt, <br><br> Plaintiff, <br><br> vs. <br><br> AFFILIATED COMPUTER SERVICES, INC., a Delaware corporation, ACS HEALTH CARE, INC., an Oregon corporation, PATIENT ACCOUNTING SERVICE CENTER, LLC, a Washington Limited Liability Company, and MURIEL T. CARR, and JOHN DOE CARR individually, and the marital community composed thereof, <br><br> Defendants. | NO. 08-2-07804-9 <br><br> AMENDED COMPLAINT FOR DAMAGES |
| --- | --- |

12
13
14
15
16
17

18    COMES NOW the Plaintiff, RONALD G. BROWN ("Brown"), and for cause of action

19  against the Defendants, states and alleges as follows:

20                                    **INTRODUCTION**

21

22    1.    AFFILIATED COMPUTER SERVICES, INC. ("ACSI"), describes itself as a

23  rapidly growing company supporting operations reaching more than 100 countries with nearly $6

24  billion in annual revenues.  With unparalleled levels of growth and client retention, ACS is

25  62,000 people strong and growing.  Item III of the ACS Mission states, "[w]e will marshal

26

LAW OFFICES OF GREGORY J. MURPHY, P.S.
201 ST. HELENS AVENUE
TACOMA, WASHINGTON 98402-2519
PHONE 253-572-3688
FAX 253-572-9588
www.murphy-legal.com



1  talented, committed people and create an environment in which they can grow professionally

2  through their achievements.

3      2.      ACSI is the foremost provider of consulting, application delivery, and information

4  technology (IT) and business process outsourcing solutions to the healthcare industry.  ACSI's

5  website boasts that it help its clients implement the technologies and best practices that will lead

6  [clients] to clinical transformation and financial improvement.

7

8      3.      ACSI's website also includes its Code of Ethical Business Conduct ("Code") that

9  applies to every ACSI officer, director, and employee.  Chapter 3 of the Code says that ACSI is

10  committed to providing a workplace that is respectful to all employees and free from all forms of

11  harassment.

12                         **IDENTIFICATION OF THE PARTIES**

13

14      4.      Plaintiff Brown is the Chapter 7 Trustee of the Bankruptcy Estate of In Re:

15  Tiffani L. Lindstedt pending in U.S. Bankruptcy Court, Western District of Washington at

16  Seattle, Cause No. 05-19170.  Tiffani L. Lindstedt ("Lindstedt"), is a former employee of one or

17  more of the ACSI Defendants as identified below. Plaintiff Brown is administering the

18  bankruptcy estate of Tiffani L. Lindstedt.

19      5.      On information and belief, at all times material hereto, Defendant ACSI was a

20  Delaware corporation, having a principle place of business at 2828 North Haskell, Dallas, Texas

21

22  75204, and conducting business throughout the United States, the state of Washington, and in

23  Pierce County, Washington.  ACSI is an employer within the meaning of RCW 49.46 *et seq.*,

24  RCW 49.48 *et seq.*, and RCW 49.52 *et seq.*

25      6.      On information and belief, at all times material hereto, Defendant ACS Health

26

COMPLAINT FOR DAMAGES -Page 2 of 10

LAW OFFICES OF GREGORY J. MURPHY, P.S.
201 ST. HELENS AVENUE
TACOMA, WASHINGTON 98402-2519
PHONE 253-572-3688
FAX 253-572-9588
www.murphy-legal.com

Care, Inc. ("ACS Health Care"), was an Oregon corporation, having a principle place of business at 20819 72nd Avenue South, Suite 300, Kent, WA 98032, conducting business throughout the United States, the state of Washington, and, in Pierce County, Washington. It further alleged upon information and belief that ACS Healthcare is a wholly-owned subsidiary of ACSI.

7.    At all times material hereto, Defendant Patient Accounting Service Center LLC ("PASC"), was a Washington Limited Liability Company and upon information and belief, and therefore alleged, having a principle place of business at 20819 72nd Avenue South, Suite 300, Kent, WA 98032, conducting business throughout the United States, the state of Washington, and, in Pierce County, Washington. It further alleged upon information and belief that PASC is a wholly-owned subsidiary of ACSI.

8.    At all times material hereto, Defendant MURIEL T. CARR and "JOHN DOE" CARR, were residents of Pierce County, Washington, and were husband and wife forming a marital community under the laws of the State of Washington. All acts, omissions and conduct of Defendant Muriel T. Carr benefited her individually, and, were done by and on behalf of the marital community composed of MURIEL T. CARR and JOHN DOE CARR.

## JURISDICTION

9.    All of the defendants reside in, or, are doing business in Pierce County, Washington, and the Superior Court of Pierce County has jurisdiction in accordance with RCW 4.12.020(3).

## FACTS

10.    At all times relevant to the actions alleged in this complaint, Ms. Lindstedt was an employee of ACS HEALTH CARE, or of the company acquired by ACS HEALTH CARE,

COMPLAINT FOR DAMAGES -Page 3 of 10

LAW OFFICES OF GREGORY J. MURPHY, P.S.
201 ST. HELENS AVENUE
TACOMA, WASHINGTON 98402-2519
PHONE 253-572-3688
FAX 253-572-9588
www.murphy-legal.com

PASC. Alternately, PASC, a wholly-owned subsidiary of ACSI, was Ms. Lindstedt's employer.

11.    Ms. Lindstedt was hired as a Collector by PASC on October 28, 2003 for its Kent Service Center.

12.    ACSI and/or ACS HEALTH CARE acquired PASC in January 2004 and one of the ACS companies continued the operation of the Kent Service Center where Ms. Lindstedt was employed.

13.    Defendant Carr was hired as a Collector by PASC and/or ACS HEALTH CARE prior to Ms. Lindstedt's hire.

14.    Ms. Lindstedt was subjected to continuous and frequent harassment by Ms. Carr, including conduct such as verbal threats, physical intimidation, and name calling. This pattern of abuse created a hostile and offensive work environment.

15.    All incidents constituting harassment and hostile work environment occurred during Ms. Lindstedt's employment with PASC and continued after the acquisition by ACSI and/or ACS HEALTH CARE.

16.    Ms. Lindstedt consistently and repeatedly reported the threatening behavior to her immediate supervisor, Mr. Norman Keene, Collections Supervisor; Mr. Keen's supervisor, Mr. Merle Williams, Collection Supervisor; and/or to Mr. Michael Allen, an HR Generalist in ACSI and/or ACS HEALTH CARE's Human Resources Department.

17.    Despite Ms. Lindstedt's repeated complaints of harassment, her supervisors failed to take appropriate action to stop the harassment from continuing to occur.

18.    On several occasions Mr. Keen told Ms. Lindstedt that "his hands were tied" concerning Ms. Carr, as she had previously filed a sexual harassment complaint against him, and

LAW OFFICES OF GREGORY J. MURPHY, P.S.
201 ST. HELENS AVENUE
TACOMA, WASHINGTON 98402-2519
PHONE 253-572-3688
FAX 253-572-9588
www.murphy-legal.com

he feared that any action by him could be interpreted as retaliation.

19. Ms. Carr made untrue and misleading sworn statements about Ms. Lindstedt in a Petition for and Order for Protection that was filed on May 5, 2005; the King County Superior Court relied upon these alleged facts and issued a Temporary Restraining Order (TRO), including, among other things, the requirement that Ms. Lindstedt stay at least fifteen feet away from Ms. Carr while at their place of employment.

20. On May 16, 2005, the Kent police arrived at the Kent Service Center to serve the TRO on Ms. Lindstedt. Instead, the Kent police officer was met by Mr. Williams and Mr. Williams accepted service and then delivered the TRO to Ms. Lindstedt. Mr. Williams knew the content of the TRO and the fact that the TRO involved two employees who worked at the Kent Service Center.

21. Despite being aware that Ms. Carr had applied for and received a TRO against Ms. Lindstedt, management and her supervisors – including Mr. Keene and Mr. Williams – failed to take any action whatsoever to protect Ms. Lindstedt.

22. The next day, after meeting with Mr. Keene and discussing her concerns about Ms. Carr and this situation, Ms. Lindstedt entered a restroom at the Kent Service Center in which Ms. Carr was present, not known to Ms. Lindstedt, thereby unintentionally violating the TRO. This occurred after Mr. Keene instructed her to return to work and assured her that this situation would be taken care of.

23. Ms. Carr immediately said to a coworker in the restroom that she was going to cause Ms. Lindstedt to be arrested, and she proceeded to call 911 to report that she had obtained a protective order and that Ms. Lindstedt had come within fifteen feet of her in the restroom.

COMPLAINT FOR DAMAGES -Page 5 of 10

LAW OFFICES OF GREGORY J. MURPHY, P.S.
201 ST. HELENS AVENUE
TACOMA, WASHINGTON 98402-2519
PHONE 253-572-3688
FAX 253-572-9588
www.murphy-legal.com

24. Later that day, as a result of the report to the Kent police, Ms. Carr caused Ms. Lindstedt to be arrested by the Kent Police for violation of the TRO.

25. While at the Kent Service Center, Ms. Carr watched, cheered, and jeered as Ms. Lindstedt was arrested; this behavior continued until Ms. Lindstedt requested that the police remove Ms. Carr from the area.

26. Ms. Lindstedt was forced to spend the night in jail and had to arrange for her daughters' care while she was forcibly detained. No member of management provided her any aid or assistance. This situation was not taken care of.

27. On June 6, 2005, the court found that Ms. Carr had not shown by a preponderance of the evidence that Ms. Lindstedt had harassed her, and denied Ms. Carr's request that the TRO be made a full Order, and King County Superior Court Judge Middaugh dismissed Ms. Carr's petition.

28. On or about June 24, 2005, the criminal charge alleging Ms. Lindstedt had violated the TRO was dismissed with prejudice.

29. Sometime after Ms. Lindstedt was arrested, Ms. Carr was terminated from ACSI and/or ACS HEALTH CARE for reasons unknown to Ms. Lindstedt.

30. Ms. Lindstedt returned to work at ACSI and/or ACS HEALTH CARE on June 7, 2005, but took leave under the Family and Medical Leave Act on June 8, 2005.

31. On July 14, 2005, Ms. Lindstedt resigned from her position at ACSI and/or ACS HEALTH CARE SOLUTIONS, on the recommendation of her therapist.

32. Ms. Lindstedt's damages are continuing.

COMPLAINT FOR DAMAGES -Page 6 of 10

LAW OFFICES OF GREGORY J. MURPHY, P.S.
201 ST. HELENS AVENUE
TACOMA, WASHINGTON 98402-2519
PHONE 253-572-3688
FAX 253-572-9588
www.murphy-legal.com

1

**FIRST CAUSE OF ACTION**

2

**NEGLIGENT HIRING, TRAINING, SUPERVISION, AND/OR RETENTION**

3      33.    Plaintiff realleges and incorporates paragraphs 1 – 32 as if fully set forth herein.

4      34.    Defendants ACSI and/or ACS HEALTH CARE and/or PASC ("employer") had a

5  duty to use reasonable care in hiring, training, supervising, and retaining its employees and

6
   agents.  The employer was negligent and breached these duties owed to the Plaintiff, and as a

7
   proximate result, Plaintiff sustained the injuries complained of herein.

8

9                          **SECOND CAUSE OF ACTION**

10   **RETALIATION FOR ASSERTING RIGHT TO A HARASSMENT-FREE WORKPLACE**

11     35.    Plaintiff realleges and incorporates paragraphs 1 – 34 as if fully set forth herein.

12     36.    The employer had insisted both verbally and in writing, that it's employees report

13
   any instances of harassment regardless of the type of harassment.  When Ms. Lindstedt

14
   participated with other employees in complaining the hostile environment that was being created

15
   by Ms. Muriel Carr, instead of being thanked for bringing the matter to the attention of

16

17   management, was instead rebuked by her employer for an improper use of the company's

18   procedures for reporting harassment.  In fact, Ms. Lindstedt and her co-employees were told that

19
   they were wasting the company's time and resources and they were interfering with the

20
   productivity of the Kent Service Center.

21

22     37.    The employer retaliated against Ms. Lindstedt for engaging in this protected

23   activity by permitting Ms. Carr to continue to harass Ms. Lindstedt and intentionally altering her

24   work environment in order to focus on productivity, instead of focusing on its' employees.

25     38.    As a direct and proximate result of the employer's unlawful retaliation, Ms.

26

LAW OFFICES OF GREGORY J. MURPHY, P.S.
201 ST. HELENS AVENUE
TACOMA, WASHINGTON 98402-2519
PHONE 253-572-3688
FAX 253-572-9588
www.murphy-legal.com

1  Lindstedt has suffered and continues to suffer lost wages and benefits, lost future earnings,

2  emotional distress, humiliation, loss of enjoyment of life, and other damages in amounts to be

3  proven at trial.

4                          **THIRD CAUSE OF ACTION**

5                          **ABUSE OF CIVIL PROCESS**

6

7      39.    Plaintiff realleges and incorporates paragraphs 1 – 38 as if fully set forth herein.

8      40.    Defendant MURIEL CARR's pursuit of a frivolous anti-harassment order against

9  Ms. Lindstedt was motivated by her own ulterior objectives of retaliation and animus towards

10 Ms. Lindstedt. These ulterior objectives were known by management of the employer.

11     41. As a direct and proximate result of the employer's unlawful retaliation, Ms. Lindstedt

12 has suffered and continues to suffer lost wages and benefits, lost future earnings, emotional

13 distress, humiliation, loss of enjoyment of life, and other damages in amounts to be proved at

14 trial.

15

16                         **FOURTH CAUSE OF ACTION**

17                         **MALICIOUS CRIMINAL PROSECUTION**

18     42. Plaintiff realleges and incorporates paragraphs 1 – 41 as if fully set forth herein.

19     43. Defendant MURIEL CARR's conduct constitutes malicious criminal prosecution

20                         **FIFTH CAUSE OF ACTION**

21                         **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

22     44.    Plaintiff realleges and incorporates paragraphs 1 – 43 as if fully set forth herein.

23

24     45.    The conduct of Defendants MURIEL CARR and EMPLOYERS was negligent

25 insofar as each of them failed to take reasonable care to avoid causing plaintiff emotional distress

26

COMPLAINT FOR DAMAGES -Page 8 of 10

LAW OFFICES OF GREGORY J. MURPHY, P.S.
201 ST. HELENS AVENUE
TACOMA, WASHINGTON 98402-2519
PHONE 253-572-3688
FAX 253-572-9588
www.murphy-legal.com

and caused plaintiff emotional distress. Plaintiff's emotional distress was manifested by objective and/or physical symptomology.

### SIXTH CAUSE OF ACTION

### CONSTRUCTIVE DISCHARGE

46.     Plaintiff realleges and incorporates paragraphs 1 – 45 as if fully set forth herein.

47.     The employer engaged in unlawful practices when it permitted the environment at its Kent Service Center to become overtly hostile without taking any action whatsoever.

48.     These acts and/or omissions by the employer resulted in damages to Plaintiff in amounts to be proven at trial.

### STATEMENT OF DAMAGES

As a direct and proximate result of the Defendants' conduct, as alleged herein, Plaintiff TIFFANI L. LINDSTEDT, has sustained the following injuries, all in amounts to be proven at trial:

49.     Personal Injuries;

50.     Physical and mental pain, suffering and mental anguish;

51.     Lost wages, income and impaired earning capacity;

52.     Medical costs and expenses and other out of pocket expenses;

53.     Loss of enjoyment of life.

### REQUEST FOR RELIEF

**WHEREFORE,** Plaintiff BROWN, in his capacity as Trustee for the Bankruptcy Estate of Tiffani L. Lindstedt, requests a judgment against Defendants, ACSI, ACS HEALTHCARE, PASC and MURIEL T. CARR, jointly and severally, as follows:

COMPLAINT FOR DAMAGES -Page 9 of 10

LAW OFFICES OF GREGORY J. MURPHY, P.S.
201 ST. HELENS AVENUE
TACOMA, WASHINGTON 98402-2519
PHONE 253-572-3688
FAX 253-572-9588
www.murphy-legal.com

A.    For all damages available under Washington common law and statute, including special damages for her medical bills, out of pocket expenses, lost wages, income and employment benefits suffered by the Plaintiff and to be suffered in the future;

B.    Awarding Plaintiff general damages for pain, suffering, and mental anguish in an amount to be established at trial.

C.    Awarding Plaintiff her statutory fees and costs incurred in this action.

D.    Awarding Plaintiff any additional and further relief as the Court may deem just, equitable and appropriate.

DATED this 29th day of May, 2008.

LAW OFFICES OF GREGORY J. MURPHY, P.S.

By: _____
Gregory J. Murphy, WSBA #16184
PO Box 1298
201 St. Helens Avenue
Tacoma, WA 98401-1298
Telephone: 253-572-3688
Facsimile: 253-572-9588
Attorney for Plaintiff

COMPLAINT FOR DAMAGES - Page 10 of 10

LAW OFFICES OF GREGORY J. MURPHY, P.S.
201 ST. HELENS AVENUE
TACOMA, WASHINGTON 98402-2519
PHONE 253-572-3688
FAX 253-572-9588
www.murphy-legal.com

Exhibit 4



**CORPORATION SERVICE COMPANY®**

# Notice of Service of Process

DDZ / ALL
Transmittal Number: 5819438
Date Processed: 06/04/2008

| Primary Contact: | Mr. Tas Panos<br>Affiliated Computer Services, Inc.<br>2828 North Haskell Ave.<br>Building 1, Floor 10<br>Dallas, TX 75204 |
|---|---|

| | |
|---|---|
| **Entity:** | Patient Accounting Service Center LLC<br>Entity ID Number  2291330 |
| **Entity Served:** | Patient Accounting Service Center, LLC |
| **Title of Action:** | Ronald G. Brown, as Chapter 7 Trustee of the Bankruptcy Estate of In Re: Tiffani L. Lindstedt vs. Affiliated Computer Services, Inc. |
| **Document(s) Type:** | Summons and Amended Complaint |
| **Nature of Action:** | Labor / Employment |
| **Court:** | Pierce Superior Court, Washington |
| **Case Number:** | 08-2-07804-9 |
| **Jurisdiction Served:** | Washington |
| **Date Served on CSC:** | 06/03/2008 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Plaintiff's Attorney:** | Gregory J. Murphy<br>253-572-3688 |

**Matter Name: Ronald G. Brown, as Chapter 7 Trustee of the Bankruptcy Estate of In Re: Tiffani L. Lindstedt vs. Affiliated Computer Services, Inc. (ID-1118381)**
The most recent Service of Process Documents received by CSC:

| | Document Type | Date Served | Contact Name | Delivery Method | Tracking Number | Transmittal ID |
|---|---|---|---|---|---|---|
| - | Summons/Complaint | 05/07/2008 | Mr. Tas Panos | PRINTFARM | | 5765664 |
| - | Summons/Complaint | 05/07/2008 | Mr. Tas Panos | PRINTFARM | | 5765666 |

To review other documents in this matter, please link to CSC's Matter Management Services at www.incspot.com

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

Exhibit 5

F I L E D
IN COUNTY CLERK'S OFFICE

A.M.    MAY - 2 2008  P.M.

PIERCE COUNTY, WASHINGTON
KEVIN STOCK, County Clerk
BY_____ DEPUTY

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF PIERCE

RONALD G. BROWN, as Chapter 7 Trustee
of the Bankruptcy Estate of In Re: Tiffani L.
Lindstedt,

                Plaintiff,

      vs.

AFFILIATED COMPUTER SERVICES,
INC., a Delaware corporation, ACS HEALTH
CARE, INC., an Oregon corporation, and
MURIEL T. CARR, and JOHN DOE CARR
individually, and the marital community
composed thereof,

                Defendants.

NO. 08 2 07804 9

SUMMONS

**TO THE DEFENDANTS:** A lawsuit has been started against you in the above entitled court

by RONALD G. BROWN, as Chapter 7 Trustee of the Bankruptcy Estate of In Re: Tiffani L.

Lindstedt, Plaintiff. Plaintiff's claim is stated in the written complaint, a copy of which is served upon

you with this summons.

      In order to defend against this lawsuit, you must respond to the complaint by stating your

defense in writing, and by serving a copy upon the person signing this summons within 20 days after

the service of this summons, excluding the day of service, or a default judgment may be entered against

you without notice. A default judgment is one where Plaintiff is entitled to what he asks for because

you have not responded. If you serve a notice of appearance on the undersigned person, you are

entitled to notice before a default judgment may be entered.

SUMMONS -Page 1 of 2
\\Miserver\sharedfolder\Lindstedt_Tiffani\v ACS\Pleadings\Summons.doc

LAW OFFICES OF GREGORY J. MURPHY, P.S.
201 ST. HELENS AVENUE
TACOMA, WASHINGTON 98402-2519
PHONE 253-572-3688
FAX 253-572-9588
www.murphy-legal.com

COPY

1    If you wish to seek the advice of an attorney in this matter, you should do so promptly so that

2  your written response, if any, may be served on time.

3    This summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the Sate of

4  Washington.

5    DATED this 2nd day of May, 2008.

6

7                   LAW OFFICES OF GREGORY J. MURPHY, P.S.

8            By:

9                  Gregory J. Murphy, WSBA #16184

10                 201 St. Helens Avenue
Tacoma, WA 98402

11                 Telephone: 253-572-3688
Facsimile: 253-572-9588

12                 Of Attorneys for Plaintiff

13

14

15

16

17

18

19

20

21

22

23

24

25

26

SUMMONS -Page 2 of 2
\\Mlserver\sharedfolder\Lindstedt_Tiffani\w ACS\Pleadings\Summons.doc

LAW OFFICES OF GREGORY J. MURPHY, P.S.
201 ST. HELENS AVENUE
TACOMA, WASHINGTON 98402-2519
PHONE 253-572-3688
FAX 253-572-9588
www.murphy-legal.com

15270 5/12/2008 00158



08-2-07804-9   29729790   AFSR   05-09-08

FILED
IN COUNTY CLERK'S OFFICE

A.M.  MAY – 9 2008  P.M.

PIERCE COUNTY WASHINGTON
KEVIN STOCK, County Clerk
BY_____DEPUTY



**SUPERIOR COURT, IN AND FOR THE COUNTY OF PIERCE, STATE OF WASHINGTON**

RONALD G. BROWN, AS CHAPTER 7 TRUSTEE OF THE BANKRUPTCY ESTATE OF IN RE: TIFFANI L. LINDSTEDT,

                 Plaintiff/Petitioner

vs.

AFFILIATED COMPUTER SERVICES, INC., A DELAWARE CORPORATION, ACS HEALTH CARE, INC., AN OREGON CORPORATION, AND MURIEL T. CARR; ET VIR

                 Defendant/Respondent

Cause #:   08 2 07804 9

Declaration of Service of:

SUMMONS AND COMPLAINT FOR DAMAGES, ORDER SETTING CASE SCHEDULE

Hearing Date:

Declaration:

The undersigned hereby declares: That s(he) is now and at all times herein mentioned, a citizen of the United States and a resident of the State of Washington, over the age of eighteen, not an officer of a plaintiff corporation, not a party to nor interested in the above entitled action, and is competent to be a witness therein.

On the date and time of May  7 2008  1:26PM at the address of 6500 HARBOUR HEIGHTS PKWY STE 400 MUKILTEO, within the County of SNOHOMISH, State of WASHINGTON, the declarant duly served the above described documents upon CORPORATION SERVICE COMPANY as Registered Agent for ACS HEALTH CARE, INC., AN OREGON CORPORATION   by then and there personally delivering 1 true and correct copy(ies) thereof, by then presenting to and leaving the same with LINDA REED, CORPORATION SERVICE COMPANY REGISTERED AGENT A white female approx. 35-40 years of age 5'8"-5'10" in height weighing 140-160 lbs with brown hair and glasses.

No information was provided that indicates that the subjects served are members of the U.S. military.

I hereby declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Dated: May 7, 2008 at Everett, WA

by _____

        D. Bennett    2004-22

Service Fee Total: $ 32.50

ABC Legal Services, Inc.
206 521-9000
Tracking #: 5286980

**ORIGINAL**
**PROOF OF SERVICE**

Page 1 of 1

Murphy, Greg
201 Saint Helens Ave
Tacoma, WA   98402
253 572-3688

15270 5/12/2008 00159

F I L E D
IN COUNTY CLERK'S OFFICE

A.M.   MAY - 2 2008   P.M.

PIERCE COUNTY, WASHINGTON
KEVIN STOCK, County Clerk
BY_____ DEPUTY

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF PIERCE

RONALD G. BROWN, as Chapter 7 Trustee
of the Bankruptcy Estate of In Re: Tiffani L.
Lindstedt,

                             Plaintiff,

       vs.

AFFILIATED COMPUTER SERVICES,
INC., a Delaware corporation, ACS HEALTH
CARE, INC., an Oregon corporation, and
MURIEL T. CARR, and JOHN DOE CARR
individually, and the marital community
composed thereof,

                             Defendants.

NO. 08 2 07804 9

SUMMONS

**TO THE DEFENDANTS:** A lawsuit has been started against you in the above entitled court

by RONALD G. BROWN, as Chapter 7 Trustee of the Bankruptcy Estate of In Re: Tiffani L.

Lindstedt, Plaintiff. Plaintiff's claim is stated in the written complaint, a copy of which is served upon

you with this summons.

    In order to defend against this lawsuit, you must respond to the complaint by stating your

defense in writing, and by serving a copy upon the person signing this summons within 20 days after

the service of this summons, excluding the day of service, or a default judgment may be entered against

you without notice. A default judgment is one where Plaintiff is entitled to what he asks for because

you have not responded. If you serve a notice of appearance on the undersigned person, you are

entitled to notice before a default judgment may be entered.

SUMMONS -Page 1 of 2
\\Mlserver\sharedfolder\Lindstedt_Tiffani\v ACS\Pleadings\Summons.doc

LAW OFFICES OF GREGORY J. MURPHY, P.S.
201 ST. HELENS AVENUE
TACOMA, WASHINGTON 98402-2519
PHONE 253-572-3688
FAX 253-572-9588
www.murphy-legal.com

COPY

08-2-07804-9    29894616    AFSR    06-05-08

FILED
IN COUNTY CLERK'S OFFICE

A.M.    JUN - 4 2008    P.M

PIERCE COUNTY, WASHINGTON
KEVIN STOCK, County Clerk
BY _____ DEPUTY

## SUPERIOR COURT, IN AND FOR THE COUNTY OF PIERCE, STATE OF WASHINGTON

RONALD G. BROWN, AS CHAPTER 7
TRUSTEE OF THE BANKRUPTCY ESTATE
OF IN RE: TIFFANI L. LINDSTEDT,
                    Plaintiff/Petitioner

vs.

AFFIIATED COMPUTER SERVCIES, INC.,
A DELAWARE CORPORATION, ET AL.,
                    Defendant/Respondent

Cause #:    08 2 07804 9

Declaration of Service of:

AMENDED SUMMONS AND AMENDED COMPLAINT FOR
DAMAGES,

Hearing Date:

Declaration:

The undersigned hereby declares: That s(he) is now and at all times herein mentioned, a citizen of the United States and a resident of the State of Washington, over the age of eighteen, not an officer of a plaintiff corporation, not a party to nor interested in the above entitled action, and is competent to be a witness therein.

On the date and time of Jun 3 2008 3:10PM at the address of 6500 HARBOUR HEIGHTS PKWY #400 MUKILTEO, within the County of SNOHOMISH, State of WASHINGTON, the declarant duly served the above described documents upon CORPORATION SERVICE COMPANY as Registered Agent for PATIENT ACCOUNTING SERVICE CENTER, LLC, A WASHINGTON LIMITED LIABILITY COMPANY   by then and there personally delivering 1 true and correct copy(ies) thereof, by then presenting to and leaving the same with LINDA REED, AGENT CORPORATION SERVICE CO. REGISTERED AGENT.

No information was provided that indicates that the subjects served are members of the U.S. military.

I hereby declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Dated: June 4, 2008 at Everett, WA

by _____
    L. Monnie    SC9207

Service Fee Total: $ 66.50

ABC Legal Services, Inc.
206 521-9000
Tracking #: 5287228

**ORIGINAL
PROOF OF SERVICE**

Page 1 of 1

Murphy, Greg
201 Saint Helens Ave
Tacoma, WA   98402
253 572-3688

16199 6/5/2008 00117

1

2

3

4

5

6

7

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF PIERCE

8

9

10

11

RONALD G. BROWN, as Chapter 7 Trustee
of the Bankruptcy Estate of In Re: Tiffani L.
Lindstedt,

Plaintiff,

vs.

NO. 08-2-07804-9

AMENDED SUMMONS

12

13

14

15

16

AFFILIATED COMPUTER SERVICES,
INC., a Delaware corporation, ACS HEALTH
CARE, INC., an Oregon corporation,
PATIENT ACCOUNTING SERVICE
CENTER, LLC, a Washington Limited
Liability Company, and MURIEL T. CARR,
and JOHN DOE CARR individually, and the
marital community composed thereof,

17

Defendants.

18

**TO THE DEFENDANTS:** A lawsuit has been started against you in the above entitled court

19

by RONALD G. BROWN, as Chapter 7 Trustee of the Bankruptcy Estate of In Re: Tiffani L.

20

Lindstedt, Plaintiff. Plaintiff's claim is stated in the written complaint, a copy of which is served upon

21

you with this summons.

22

23

24

In order to defend against this lawsuit, you must respond to the complaint by stating your

defense in writing, and by serving a copy upon the person signing this summons within 20 days after

25

the service of this summons, excluding the day of service, or a default judgment may be entered against

26

you without notice. A default judgment is one where Plaintiff is entitled to what he asks for because

SUMMONS -Page 1 of 2
\\Mfserver\sharedfolder\Lindstedt_Tiffani\v ACS\Pleadings\Amended
Summons.doc

LAW OFFICES OF GREGORY J. MURPHY, P.S.
201 ST. HELENS AVENUE
TACOMA, WASHINGTON 98402-2519
PHONE 253-572-3688
FAX 253-572-9588
www.murphy-legal.com


COPY



16199 6/5/2008 00118

you have not responded.  If you serve a notice of appearance on the undersigned person, you are entitled to notice before a default judgment may be entered.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the Sate of Washington.

DATED this 29th day of May, 2008.

LAW OFFICES OF GREGORY J. MURPHY, P.S.

By: _Gregory J. Murphy_

Gregory J. Murphy, WSBA #16184
201 St. Helens Avenue
Tacoma, WA 98402
Telephone: 253-572-3688
Facsimile: 253-572-9588
Of Attorneys for Plaintiff

SUMMONS -Page 2 of 2
\\M|server\sharedfolder\Lindstedt_Tiffani\v ACS\Pleadings\Amended
Summons.doc

LAW OFFICES OF GREGORY J. MURPHY, P.S.
201 ST. HELENS AVENUE
TACOMA, WASHINGTON 98402-2519
PHONE 253-572-3688
FAX 253-572-9588
www.murphy-legal.com



E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

May 02 2008 4:19 PM

KEVIN STOCK
COUNTY CLERK

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR PIERCE COUNTY

No. 08-2-07804-9

ORDER SETTING CASE SCHEDULE

| | |
|---|---|
| Type of case: | MSC |
| Estimated Trial (days): | 4 |
| Track Assignment: | Standard |
| Assignment Department: | 22 |
| Docket Code: | ORSCS |

| | |
|---|---|
| Confirmation of Service | 5/30/2008 |
| Confirmation of Joinder of Parties, Claims and Defenses | 8/29/2008 |
| Jury Demand | 9/5/2008 |
| Set Settlement Conference Date with Judge/Commissioner MEAGAN M. FOLEY | 9/26/2008 |
| Status Conference (Contact Court for Specific Date) | Week of 9/26/2008 |
| Plaintiff's Disclosure of Primary Witnesses | 10/24/2008 |
| Defendant's Disclosure of Primary Witnesses | 11/21/2008 |
| Disclosure of Rebuttal Witnesses | 1/9/2009 |
| Deadline for Filing Motion to Adjust Trial Date | 2/6/2009 |
| Discovery Cutoff | 3/13/2009 |
| Exchange of Witness and Exhibit Lists and Documentary Exhibits | 3/27/2009 |
| Deadline for Hearing Dispositive Pretrial Motions | 4/3/2009 |
| Joint Statement of Evidence | 4/3/2009 |
| Settlement Conference (To be held) | Week of 4/3/2009 |
| Pretrial Conference (Contact Court for Specific Date) | Week of 4/17/2009 |
| Trial | 5/4/2009 9:00 |

**Unless otherwise instructed, ALL Attorneys/Parties shall report to the trial court at 9:00 AM on the date of trial.**

### NOTICE TO PLAINTIFF/PETITIONER

If the case has been filed, the plaintiff shall serve a copy of the Case Schedule on the defendant(s) with the summons and complaint/petition: Provided that in those cases where service is by publication the plaintiff shall serve the Case Schedule within five (5) court days of service of the defendant's first response/appearance. If the case has not been filed, but an initial pleading is served, the Case Schedule shall be served within five (5) court days of filing. See PCLR 1.

### NOTICE TO ALL PARTIES

All attorneys and parties shall make themselves familiar with the Pierce County Local Rules, particularly those relating to case scheduling. Compliance with the scheduling rules is mandatory and failure to comply shall result in sanctions appropriate to the violation. If a statement of arbitrability is filed, PCLR 1 does not apply while the case is in arbitration.

Dated: May 2, 2008

Judge JOHN R. HICKMAN
Department 22

Exhibit 6

**Ben Banta - muriel carr**

| | |
|---|---|
| **From:** | "Doug Cloud" <dcloud@eschelon.com> |
| **To:** | <bhb@kullmanlaw.com> |
| **Date:** | 6/6/2008 3:11 PM |
| **Subject:** | muriel carr |

Dear Mr. Banta,

As you know I have limited authority to act on behalf of Ms. Carr. I have been hired mainly to tender the claim to your client. I can not reach her today. However, your question about whether a removal to US district court would be opposed by Ms. Carr will be relayed to her as soon as I can get a hold of her. I will recommend that she consent to the removal when I speak with her. I asked her to tell me when she is served and as of yet I have heard no reports of service.

Sincerely yours,

Douglas R. Cloud
Attorney at Law
253-627-1505

The information contained in this e-mail is confidential and may be attorney-client privileged or attorney work product. It may be considered an offer to compromise litigation under ER 408 and is therefore not admissible in Court. This information is intended for the use of the individual to whom it is addressed. This e-mail may not be forwarded, printed or copied in any manner pursuant to the Electronic Communication Privacy Act, 18 U.S.C. §§ 2510-2521 without written permission of the author. If you are not the intended recipient, or the employee responsible for delivery, you are hereby notified that any use of this communication is strictly prohibited. If you received this e-mail in error, please notify us immediately at 253-627-1505. Thank you.

No virus found in this outgoing message.
Checked by AVG.
Version: 7.5.524 / Virus Database: 270.0.0/1487 - Release Date: 6/6/2008 8:01 AM

05/28/2008  15:28    2536278376          DOUG CLOUD                    PAGE  02/02

# DOUGLAS R. CLOUD
*Attorney at Law*

901 South "T" Street, Suite 101                                    Phone 253-627-1505
Tacoma, Washington 98405                                           Fax 253-627-8376

May 28, 2008

Mr. Ben Banta, Esq.
**THE KULLMAN FIRM**
PO Box 60118
New Orleans LA 70160

RE:    *Brown v. Muriel T. Carr, et al.*
       Pierce County Superior Court Cause No. 08-2-07804-9

Dear Mr. Banta:

Thank you for faxing me the Complaint that we discussed in our earlier telephone conversation today.

My client, Muriel Carr, does hereby tender the defense of this claim to Affiliated Computer Services, Inc., and/or ACS Health Care, Inc., and/or any insurance company that may provide coverage for this potential loss.

My client has yet to be served on this matter, but I will inform you when she has been served.

Sincerely yours,

LAW OFFICE OF DOUGLAS R. CLOUD

Douglas R. Cloud
Attorney at Law

DRC:clm

Exhibit 7

SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR PIERCE COUNTY

RONALD G. BROWN, as Chapter 7 Trustee of
the Bankruptcy Estate of In Re: Tiffani L.
Lindstedt,

                Plaintiff,

      v.

AFFILIATED COMPUTER SERVICES, INC.,
a Delaware corporation, ACS HEALTH CARE,
INC., an Oregon corporation, and MURIEL T.
CARR and JOHN DOE CARR individually,
and the marital community composed thereof,

                Defendants.

NO. 08 2 07804 9

NOTICE OF REMOVAL TO FEDERAL
COURT

TO:       CLERK OF THE PIERCE COUNTY SUPERIOR COURT
TO:       PLAINTIFF ABOVE NAMED
AND TO:  GREGORY J. MURPHY, Attorneys for Plaintiff
AND TO:  MICHAEL E. RITCHIE, Attorneys for Defendants Carr

      NOTICE IS HEREBY GIVEN, pursuant to 28 U.S.C. § 1452, that on June 6, 2008,

defendant AFFILIATED COMPUTER SERVICES, INC., filed a Notice of Removal of Civil

Action to Federal Court, a copy of which is attached to this Notice, for removal of the above-

entitled action to the United States District Court for the Western District of Washington at

Tacoma, pursuant to 28 U.S.C. 1452.

NOTICE OF REMOVAL TO FEDERAL COURT - 1 of 2
(08 2 07804 9)
[1415060 v1.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 · FACSIMILE (253) 620-6565

This removal terminates this Court's jurisdiction and all proceedings in this forum pursuant to 28 U.S.C. 1446(d).

Dated this 6th day of June, 2008.

GORDON, THOMAS, HONEYWELL,
MALANCA, PETERSON & DAHEIM LLP

By _____
Valarie S. Zeeck, WSBA No. 24998
vzeeck@gth-law.com
Attorneys for AFFILIATED COMPUTER
SERVICES, INC.

CERTIFICATE OF SERVICE

I hereby certify that on ____6/7____, 2008, I caused to be served a copy of the foregoing on the following person(s) in the manner indicated below at the following address(es):

Gregory J. Murphy, Esq.  (Via facsimile on 06/06/08, followed by U.S. Mail on 6/9/08)
201 St. Helens Avenue
Tacoma, WA 98402-2519
Fax:  (253) 572-9588

Michael E. Ritchie (Via facsimile on 06/06/08, followed by U.S. Mail on 6/9/08)
1111 Tacoma Avenue South
Tacoma, WA 98402
Fax:  (253) 572-1435

_____
Valarie S. Zeeck

NOTICE OF REMOVAL TO FEDERAL COURT - 2 of 2
(08 2 07804 9)
[1415060 v1.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 · FACSIMILE (253) 620-6565