UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RONALD G. BROWN, as Chapter 7 Trustee of the Bankruptcy Estate of In Re: Tiffani L. Lindstedt,<br><br>        Plaintiff,<br><br>        v.<br><br>AFFILIATED COMPUTER SERVICES, INC., a Delaware corporation, ACS HEALTH CARE INC., an Oregon corporation, PATIENT ACCOUNTING SERVICES CENTER, LLC, a Washington Limited Liability Company, and MURIEL T. CARR, and JOHN DOE CARR, individually, and the marital community composed thereof,<br><br>        Defendants. | Case No. C08-5367 FDB<br><br>ORDER OF REMAND<br>TO STATE COURT |

This matter comes before the Court on Plaintiff's motion to remand this case to Pierce County Superior Court. After reviewing all materials submitted by the parties and relied upon for authority, the Court is fully informed and hereby grants Plaintiff's motion and remands this case to the state court.

ORDER - 1

## INTRODUCTION AND BACKGROUND

Plaintiff initiated this action by filing a complaint in Pierce County Superior Court. On May 29, 2008, Plaintiff filed an amended complaint alleging state law causes of action related to Tiffani Lindstedt's employment with Affiliated Computer Services, Inc. Defendants filed a notice of removal to this Court pursuant to 28 U.S.C. § 1452. Defendants assert that removal is properly based on the bankruptcy status of the Plaintiff. The claims are, pursuant to 28 U.S.C. § 1334, related to a case under Title 11 because the outcome of the case could conceivably have an effect on the bankruptcy estate. Plaintiff's motion for remand asserts that Plaintiff's bankruptcy status alone does not create federal jurisdiction.

## FEDERAL BANKRUPTCY JURISDICTION AND REMAND

The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction. Prize Frize Inc. v. Matrix Inc., 167 F.3d 1261, 1265 (9th Cir. 1999); Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988). The defendants bear the burden of proving the propriety of removal in a remand determination. Duncan v. Stuetzle, 76 F.3d 1480, 1495 (9th Cir. 1996). The court may remand *sua sponte* or on motion of a party. Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988).

The removal of claims relating to bankruptcy is governed by 28 U.S.C. § 1452(a). That section provides that a party may remove an action if the district court has jurisdiction of the claim or cause of action under § 1334. Section 1334(b) confers upon district courts original but not exclusive jurisdiction over all civil proceedings arising under Title 11, or arising in or related to cases under Title 11. 28 U.S.C. § 1334(b). Proceedings "arising under" Title 11 are those proceedings involving a cause of action created or determined by a statutory provision of Title 11. In re Harris Pine Mills, 44 F.3d 1431, 1435 (9th Cir. 1995). Proceedings "arising in" Title 11 cases are those administrative matters arising only in bankruptcy cases. Id. Proceedings "related to" Title 11 cases are those proceedings that conceivably could have any effect on an estate being administered in bankruptcy. In

ORDER - 2

re Fietz, 852 F.2d 455, 457 (9th Cir. 1988).  It seems self-evident that this tort claim could conceivably have an effect on the estate being administered in bankruptcy.  Thus, the Defendants successfully invoke the Court's jurisdiction over bankruptcy cases.

Notwithstanding that removal was proper, the bankruptcy removal statute mandates abstention in certain limited circumstances and provides for equitable remand in all others.  Section 1334(c)(2) provides that the district court shall abstain from hearing an action based upon a State law claim or State law cause of action, related to a case under Title 11 but not arising under Title 11 or arising in a case under Title 11, with respect to an which an action could not have been commenced in a court of the United States absent jurisdiction under this section." 28 U.S.C. § 1334(c)(2). Mandatory abstention applies when the following seven elements are present: (1) a timely motion; (2) a purely state law question; (3) a non-core proceeding that is merely "related to" the bankruptcy case; (4) a lack of independent federal jurisdiction absent the debtor's bankruptcy petition under Title 11; (5) that an action was commenced in a state court; (6) the state court action can be timely adjudicated; and (7) appropriate jurisdiction exists in the state forum. In re Kold Kist Brands, 158 B.R. 175, 178 (C.D. Cal. 1993).  At first blush, it appears the instant action fits squarely within the confines of Section 1334(c)(2).  The motion for remand is timely, the claims are purely state law, the claims are non-core and merely related to the bankruptcy case, the action was initially commenced in state court and can be timely adjudicated, and it appears appropriate jurisdiction exists in Pierce County Superior Court.  However, unlike the majority of the circuits, the Ninth Circuit has taken the position that removal effectively extinguishes state court jurisdiction and the application of Section 1334(c)(2) unless there exist parallel (pendant) state court proceedings.  See, Security Farms v. Int'l Bhd. Of Teamsters, Chauffeurs, Warehousemen & Helpers, 124 F.3d 999, 1009-10 (9th Cir.1997).  Accordingly, the notice of removal made the mandatory abstention provision inapplicable to the instant action.

The bankruptcy removal statue, nonetheless permits the Court to which an action is removed

ORDER - 3

to remand "on any equitable ground" 28 U.S.C. § 1452(b). A range of factors are considered in determining whether to remand on equitable grounds. These include the (1) effect of remand, or the lack thereof, on efficient administration of estate; (2) extent to which state law issues predominate; (3) difficult or unsettled nature of applicable law; (4) presence of related state court or other non-bankruptcy proceeding; (5) jurisdictional basis, if any, other than debtor's bankruptcy filing; (6) degree of relatedness or remoteness of proceeding to main bankruptcy case; (7) substance, rather than form, of asserted core proceeding; (8) feasibility of severing state law claims from "core" bankruptcy matters; (9) burden on bankruptcy court's docket; (10) likelihood that commencement of proceeding involved forum shopping; (11) existence of right to jury trial; (12) presence in proceeding of nondebtor parties; (13) comity; and (14) possibility of prejudice to other parties. In re Cytodyn of New Mexico, Inc., 374 B.R. 733, 738 (C.D. Cal. 2007); Citigroup, Inc. v. Pacific Inv. Mgmt. Co., 296 B.R. 505, 508 (C.D. Cal. 2003).

These factors weigh in favor of remand for several reasons. First, a number of these considerations reflect the principle that state law claims generally belong in state court. This action involves state law claims that could not have been removed to federal court absent bankruptcy jurisdiction. While it is true that federal courts can apply state law, a state court is certainly the better forum to do so. Comity, that is, respect for the sovereignty of the state, certainly favors remand. Additionally, remand of this action will not, in any way, affect the administration of any bankruptcy estate because it is the outcome of the case, not whether the claims are tried in state or federal court, that may have repercussions in bankruptcy. As far as this Court can determine, the only relationship between this action and the bankruptcy estate is that, as discussed above, success on these claims may bring more money into the estate. The tenuous connection of the claims asserted in this case to bankruptcy administration is further illustrated by the fact that removal was to this Court and not to the federal bankruptcy court. See, W.D. Wash. Local Bankruptcy Rule 9027-1 and 28 U.S.C. § 157(b),(c) and (e). In the event any prejudice to the parties exists it is to the involuntarily

ORDER - 4

1  removed parties that chose the state court as their forum of choice.  The Court sees no possibility of

2  inconsistent results as the state court proceeding alone will determine the success of Plaintiff's

3  claims.  The economical use of judicial resources of this Court favors remand as well.

4       In the Court's view, these factors compel the equitable remand of this case. The sole effect of

5  this case on the bankruptcy estate will be to properly value an asset of the estate (i.e. the Plaintiff's

6  claims), a function that can be performed perfectly well by the state court.  There is no jurisdictional

7  basis other than § 1334, and state law claims completely predominate this action.

## CONCLUSION

9       Based on the foregoing consideration of the equities, the Court concludes that the state court

10 is the better forum for this action.  Because bankruptcy jurisdiction is the sole basis for removal, the

11 Court may remand this action despite the existence of federal subject matter jurisdiction. Therefore,

12 the motion to remand is granted.

13      ACCORDINGLY;

14      IT IS ORDERED:

15      (1)    Plaintiff's Motion to Remand to State Court [Dkt. # 9] is **GRANTED**.

16      (2)    Plaintiff's request for fees and costs incurred is **DENIED**.

17      DATED this 21st day of July, 2008.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 5